UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CR222 HEA |
| ) | |
| EARL PARISH, ) | |
| ) | |
| Defendant. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Memoranda and Recommendations, [Doc. No.'s 70, 72 and 74], of United States Magistrate Judge Terry I. Adelman, pursuant to 28 U.S.C. § 636(b). Judge Adelman recommends that Defendant's Motion to Suppress Evidence, [Doc. No. 17], be denied. He further recommends that Defendant's Motions to Dismiss, [Doc. No.'s 39, 47, 48, and 49], be denied. Defendant has filed Objections only to the Memorandum and Recommendation with respect to his Motion to Suppress Evidence and Statements.

When a party objects to a magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). This includes a *de novo* review of the magistrate's findings of fact, including any credibility

determinations. *Id.* The court has reviewed the entire record, including listening to the audio recordings of the hearings held on January 9, , 2008, March 10, 2008 and May 7, 2008 and reading the transcripts of the January 9, 2008 and March 10, 2008 hearings.

## Discussion

Defendant objects to Judge Adelman's conclusion that the testimony of Officer Daly was more credible than that offered by Defendant. Defendant contends that the sworn statement from Officer Daly presented to the City of St. Louis Circuit Attorney's Office contained no mention of a "confidential informant." Defendant further contends that during cross examination, Officer Daly stated that a gun was not found on Defendant's person as detailed in the report and that any mention of Defendant's vehicle being a "1986" truck was incorrect. Defendant further argues that Officer Daly was unable to corroborate any of his testimony regarding an unmarked police vehicle and another car that was backing out of a parking spot. Defendant argues that due to the "errors and inconsistencies of Officer Daly's testimony[,]" he objects to Judge Adelman's recommendation for the acceptance of Officer Daly's testimony in its entirety while rejecting the testimony of Defendant.

Defendant's objections in this regard are without merit. The Court's

independent review of the record, listening to the audio tape of the hearing and reading of the transcript supports the Court's conclusion that Officer Daly is indeed more credible than Defendant in describing the events which occurred. Officer Daly was very forthcoming in his responses. Officer Daly was very forthright in admitting any errors and explaining the apparent inconsistencies between the police report and his testimony, and the police report and the probable cause statement. Although he would be interested in maintaining the validity of the arrest, Officer Daly had no vested interest in fabricating the details of the events.

Defendant, on the other hand, indeed has a vested interest in describing the events in a way as to favor his position. Defendant stands charged with possession with intent to distribute cocaine base and with possession of a firearm in furtherance of a drug trafficking offense. Indeed, if he is successful in suppressing evidence, the evidence is somewhat weakened. On balance, this Court finds Officer Daly's testimony to be more credible than that of Defendant in describing the course of events giving rise to Defendant's ultimate arrest. Furthermore, the photographs corroborate Officer Daly's version of the events and establish that Defendant's version is very improbable based on the positioning of the Defendant's truck and the police truck.

Likewise, Defendant's objection as to Judge Adelman's conclusion that the

"anonymous" witness information demonstrated sufficient indicia of reliability to allow the officers good faith reliance for the stop is without merit.

Officer Daly testified that he overheard the conversation between the confidential informant and "Earl" regarding the time and place of the narcotics transaction. The specific details of the transaction were discussed and "firmed up." The subsequent modifications of the transaction were also confirmed in another telephone call. The informant advised the officers of the time and place of the set up transaction and gave a specific description of Defendant's Explorer. The events transpired exactly as described by the confidential informant.

Furthermore, at the time and place of the designated meeting point, Defendant's reaction to the officers asking to talk with him gave rise to Defendant's commission of a felony, *to wit*, aggravated resisting arrest and assaulting a police officer. Judge Adelman's Memorandum sets forth a very thorough analysis of the law applicable to probable cause. Considering the totality of the circumstances surrounding these events, and the applicable law discussed in Judge Adelman's Memorandum, this Court finds that the officers had probable cause to stop Defendant's vehicle.

The officers also had probable cause to search Defendant's vehicle incident to his arrest. This Court has rejected Defendant's version of the events as

discussed, *supra*. His testimony regarding his actions after the incident are not credible, and therefore his argument that Judge Adelman erred in his determination that the officers had the right to search his vehicle incident to his arrest is accordingly without merit. The officers' search of Defendant's vehicle was indeed objectively reasonable in light of the totality of the circumstances.

## **Conclusion**

Having conducted a *de novo* review of the Motion to Suppress Evidence and the record before the court, Defendant's objections are overruled. The Memorandum and Recommendation contains a very thorough analysis of the facts and applicable law. The Court, therefore will adopt Judge Adelman's Recommendation.

Accordingly,

**IT IS  ORDERED** that Defendant's Motion to Suppress Evidence, [Doc. No. 17], is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motions to Dismiss,

[Doc. No.'s 39, 47, 48, and 49], are **DENIED**.

Dated this 18th day of June, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE